IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CORNELIUS RENTERIA,

    Petitioner,

vs.                                      CIV 17-0976 MCA/KBM

RAYMOND SMITH, Warden

    Respondent.

## **PROPOSED FINDINGS OF FACT AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus ("Petition") (*Doc. 1*), filed by Cornelius Renteria ("Petitioner") on September 25, 2017, and fully briefed December 29, 2017 (*Docs. 9, 11*). The Honorable M. Christina Armijo referred this case to me to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case. *Doc. 4.* Having reviewed the submissions of the parties and the relevant law, the Court finds that it is able to make a decision based on the current record.[1] The Court recommends that relief be denied.

---

[1] An evidentiary hearing is warranted when the petitioner shows "he was diligent in developing the factual basis for his claim in state court, and assert[s] a factual basis that, if true, would entitle him to habeas relief." *Sandoval v. Ulibarri*, 548 F.3d 902, 915 (10th Cir. 2008) (citing 20 U.S.C. § 2254(e)(2)) (subsequent citations omitted); *see also Schriro v. Landrigan*, 550 U.S. 465, 474-75 (2007); *Williams v. Taylor*, 529 U.S. 420, 429-31 (2000)). Petitioner has not requested an evidentiary hearing and has not asserted a factual basis that, if true, would entitle him to habeas relief. In fact, there are no disputed facts between the parties, only disputed questions of law. *See generally*, *Docs. 1, 9.* Accordingly, this Petition can be resolved on the record. *See Schriro*, 550 U.S. at 474.

1

**I.   Background Facts and Procedural Posture[2]**

On March 27, 2013, Petitioner attacked his ex-girlfriend in her home and pointed a gun at her daughter. *Doc. 9-1* at 20-22. The Doña Ana County Magistrate Court issued a criminal complaint for attempted first degree murder, willful and deliberate, on March 28, 2013, and Petitioner was arrested. *Doc. 9-1* at 18-24. On April 11, 2013, the grand jury returned an indictment, charging Petitioner with seven counts: Count 1, attempted first degree, felony murder; Count 2, aggravated burglary, armed after entry; Count 3, aggravated assault, with a firearm enhancement; Count 4, negligent child abuse, with a firearm enhancement, a third degree felony; Count 5, possession of a firearm or destructive device by a felon; Count 6, tampering with evidence; and Count 7, tampering with evidence. *Doc. 9-1* at 13-15. On April 29, 2014, the State filed a Notice of Intent to Seek Firearm Enhancements on Counts 1, 3 and 4.[3] *Doc. 9-1* at 26-27. Further, on April 30, 2014, the State filed a Motion to Amend the Grand Jury Indictment, adding alternative theories on Counts 1 and 2. *Doc. 9-1* at 28-29. The State sought to add the alternative theories of attempted willful and deliberate murder to Count 1 (indicted as attempted felony murder) and armed upon entry to Count 2 (indicted as armed after entry). *Doc. 9-1* at 28.

Petitioner's trial began on May 5, 2014. *Doc. 9-1* at 47. Shortly after the jury was selected and sworn in, the trial judge heard arguments and allowed the State to amend the grand jury indictment, adding alternative theories on Counts 1 and 2 and a firearm enhancement to Count 1. *Doc. 9-1* at 65, 49-50, 51-52. On May 8, 2014, the jury

---

[2] The Court cites the CM/ECF document numbers and pages, rather than internal page numbers found in the exhibits.

[3] The indictment already charged Petitioner with the firearm enhancement for Counts 3 and 4 (*Doc. 9-1* at 13-14), but the State included them in the Notice to avoid confusion.

returned a verdict, convicting Petitioner on four counts: Count 1, attempted first degree murder, willful and deliberate, with a firearm enhancement (*Doc. 9-1* at 1, 7, 43); Count 2, aggravated burglary, armed upon entry (*Doc. 9-1* at 1, 7, 44); Count 4, negligent child abuse with a firearm enhancement (*Doc. 9-1* at 7, 42, 45); and Count 5, possession of a firearm by a felon (*Doc. 9-1* at 1, 7-8, 46).

After trial, the State filed a Supplemental Criminal Information of Petitioner's prior convictions, in support of a habitual offender enhancement. *Doc. 9-1* at 53-54. The information included Petitioner's prior conviction of child abuse. *Doc. 9-1* at 54. Petitioner admitted the allegations in the supplemental information, *Doc. 9-1* at 58, and the sentencing judge enhanced Count 4, negligent child abuse, from a third degree felony (as indicted) to a second degree felony. *Doc. 9-1* at 1, 7, 65-66. The trial court entered its judgment and sentence on August 6, 2014, sentencing Petitioner to 34.5 years of imprisonment.[4] *Doc. 9-1* at 1-6.

Petitioner appealed to the New Mexico Court of Appeals on August 28, 2014. *Doc. 9-1* at 59-60. He argued that the trial court erred by allowing the amended indictment, which included alternative theories on Counts 1 and 2 and the firearm enhancement on Count 1, and by sentencing him to intentional, third degree child abuse, instead of negligent, second degree child abuse. *Doc. 9-1* at 66. The New Mexico Court of Appeals remanded for the limited purpose of correcting a clerical error in the judgment (intentional to negligent child abuse), but otherwise affirmed Petitioner's conviction. *Doc. 9-2* at 30. The New Mexico Supreme Court denied Petitioner's Petition for Writ of

---

[4] The trial court entered an amended judgment on September 21, 2015. *Doc. 9-1* at 7-12. The original judgment contained a clerical error that Petitioner had been convicted of intentional child abuse, when he was actually tried for and found guilty of negligent child abuse. *See Doc. 9-1* at 1. The amended judgment corrected this error but did not otherwise change the judgment or sentence. *Doc. 9-1* at 7.

3

Certiorari on June 11, 2015. *Doc. 9-2* at 48-49.

On May 27, 2016, Petitioner sought collateral relief and filed a Petition for Writ of Habeas Corpus to the Third Judicial District Court of New Mexico. *Docs. 9-3* at 1-23; *9-4* at 7-15. The trial court dismissed the petition (*Doc. 9-4* at 43), and the New Mexico Supreme Court again denied certiorari (*Doc.* 9-4 at 79). Petitioner then filed this federal Petition pursuant to Section 2254. *Doc. 1.*

**II.	Legal Standard**

Federal courts have statutory authority under Section 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), to issue habeas corpus relief for persons in state custody. *See Harrington v. Richter*, 562 U.S. 86, 97-98 (2011). AEDPA "circumscribes our review of federal habeas claims that were adjudicated on the merits in state-court proceedings." *Hooks v. Workman*, 689 F.3d 1148, 1163 (10th Cir. 2012). AEDPA does not require that a state court provide a statement of reasons. "The statute refers only to a 'decision,' which resulted from an 'adjudication.'" *Harrington*, 562 U.S. at 98. Therefore, even if the state court failed to provide an opinion stating its reasoning, as long as the state court has made a determination on the merits, Section 2254(d) bars relitigation of that claim in a federal habeas action, subject to only two exceptions. *Id.*

A federal court may grant relief from a state court decision only where a petitioner demonstrates that the trial court's resolution of his claims was "'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States' or 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court

proceeding.'" *Hooks*, 689 F.3d at 1163 (quoting 28 U.S.C. § 2254(d)(1), (2)). In analyzing the state court's decision, this Court may only review the record that was before the state court and all factual findings are presumed correct unless rebutted by "clear and convincing evidence." *Id.* (quoting 28 U.S.C. § 2254(e)).

Under Section 2254(d)(1), the threshold question asks whether the applicant is seeking to invoke a rule of law that was clearly established by the Supreme Court at the time the conviction became final. *Byrd v. Workman*, 645 F.3d 1159, 1165 (10th Cir. 2011) (citation omitted); *see also Williams v. Taylor*, 529 U.S. 362, 390 (2000). If the law was clearly established, then the court determines whether the state court decision was "contrary to or involved an unreasonable application of that clearly established law." *Byrd*, 645 F.3d at 1165 (quoting *Turrentine v. Mullin*, 390 F.3d 1181, 1189 (10th Cir. 2004) (internal quotations omitted)).

First, a state-court decision is "contrary to" clearly established law "if the state court applies a rule different from the governing law set forth" by the Supreme Court or "if it decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts." *Hooks*, 689 F.3d at 1163 (quoting *Bell v. Cone*, 535 U.S. 685, 694 (2002)). The state court is not required to cite to, or even be aware of, Supreme Court decisions, "so long as neither the reasoning nor the results of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002).

Second, "[a] state-court decision is an 'unreasonable application' of clearly established federal law when the state court 'identifies the correct governing legal principle from th[e Supreme] Court's decisions but unreasonably applies that principle to the facts of petitioner's case.'" *Hooks*, 689 F.3d at 1163 (quoting *Wiggins v. Smith*, 539

5

U.S. 510, 520 (2003)). AEDPA precludes issuance of a writ simply because the federal court concludes in its independent judgment that the state court applied the federal law erroneously or incorrectly. *Byrd*, 645 F.3d at 1166. Instead, the application must also be "objectively unreasonable." *Id*. As long as "fairminded jurists could disagree" as to the correctness of the state court's decision, *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004), this "'highly deferential standard for evaluating state-court rulings[ ]' . . . demands that state-court decisions be given the benefit of the doubt." *Hooks*, 689 F.3d at 1163 (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002)).

Finally, even if a federal habeas court finds that the state court decision was contrary to or an unreasonable application of clearly established federal law, habeas relief may not issue unless the violation is of a sort that warrants such relief. *See e.g., Williams*, 529 U.S at 375 ("It is, of course, well settled that the fact that constitutional error occurred in the proceedings that led to a state-court conviction may not alone be sufficient reason for concluding that a prisoner is entitled to the remedy of habeas."); *Wilson v. Sirmons,* 536 F.3d 1064, 1073 (10th Cir. 2008) ("If we find that the state court erred, we still must determine whether the error is a structural defect 'in the constitution of the trial mechanism, which def[ies] analysis by "harmless-error" standards.'") (quoting *Arizona v. Fulminante,* 449 U.S. 279, 309 (1991)), *rehearing en banc granted on separate issue,* 549 F.3d 1267 (10th Cir. 2008).

For federal habeas claims not adjudicated on the merits in the state courts, the court must review the claim *de novo* and the deferential standards of Section 2254(d) do not apply. *Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004).

## III. Discussion

Petitioner asserts that the trial court erred when it allowed the amended indictment to add alternative theories for Counts 1 and 2 (*Doc. 1* at 9-10, 18-20 (Grounds One and Four)), allowed the amended indictment to add a firearm enhancement on Count 1 (*Doc. 1* at 13 (Ground Two)), and sentenced Petitioner to second degree child abuse when the jury had found him guilty of only third degree child abuse (*Doc. 1* at 16-17 (Ground Three)). Respondent concedes that Petitioner met all the exhaustion requirements for each of his stated grounds for relief.[5] *Doc. 9* at 6, ¶ 17. Additionally, there is no dispute that Petitioner is in custody, as required by Section 2254. *Doc. 9* at 4, ¶ 14.

### A. Grounds One and Four: Alternative Theories

The state grand jury indicted Petitioner for attempted felony murder (Count 1) and aggravated burglary, armed after entry (Count 2). *Doc. 9-1* at 13. However, five days before trial the State moved to amend the grand jury indictment, adding the alternative theories of attempted willful and deliberate murder to Count 1 and armed upon entry to Count 2. *Doc. 9-1* at 28-29. After the jury was selected, but before trial started, the court heard arguments regarding the motion to amend and ultimately allowed the amendments. *Doc. 9-1* at 65, 51-52. The jury then found Petitioner guilty of Counts 1 and 2 on the alternative theories, attempted willful and deliberate murder and armed upon entry aggravated burglary. *Doc. 9-1* at 1, 7, 43, 44.

Based on this sequence of events, Petitioner asserts that he was convicted on

---

[5] Pursuant to Section 2254(b)(3), "[a] State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement." 28 U.S.C. § 2254(b)(3). Here, "[t]he State does not dispute that [Petitioner] has exhausted available state-court remedies as to all four grounds for relief." *Doc. 9* at 6, ¶ 17.

7

charges that were not presented to the grand jury and that he was not prepared to defend against. *Doc. 1* at 7, 10, 18-20. Specifically, he argues that the trial court violated his Fifth Amendment right to a grand jury indictment, his Sixth Amendment right to a fair trial, and his Fourteenth Amendment right to due process when it allowed amendments to the indictment. *Doc. 1* at 9-10, 18-20. Petitioner presented this same argument to the New Mexico Court of the Appeals. *Doc. 9-1* at 66-75. Addressing the merits, the Court of Appeals rejected his argument and affirmed his conviction. *Doc. 9-2* at 23-30.

"Under the [United States] Constitution, the government may only proceed at trial against the accused 'for . . . [an] infamous crime . . . on presentment or indictment of a Grand Jury.'" *United States v. Farr*, 536 F.3d 1174, 1176 (10th Cir. 2008) (citing U.S. Const. amend. V). "[A] court cannot permit a defendant to be tried on charges that are not made in the indictment against him." *Stirone v. United States*, 361 U.S. 212, 217 (1960). Once a grand jury has returned an indictment, the charges cannot be broadened through amendment, except by the grand jury itself. *Id.* at 215-16. However, an indictment can be amended without resubmission to the grand jury if "the change is merely a matter of form." *Russell v. United States*, 369 U.S. 749, 770 (1962) (citations omitted).

In *Stirone*, the grand jury indicted the defendant for interfering with the importation of sand used in concrete to build a steel plant. *Stirone*, 361 U.S. at 214. However, the trial court also allowed the government to present evidence that defendant interfered with the exportation of steel built at the steel plant. *Id.* The trial court then instructed the jury that they could base a guilty verdict on a finding that defendant

8

interfered with either. *Id.* On review, the Supreme Court found that defendant was indicted on one particular offense (obstructing importation of sand) and therefore could not be convicted of a different offense (obstructing exportation of steel). *Id.* at 218 ("[W]hen only one particular kind of commerce is charged to have been burdened a conviction must rest on that charge and not another. . . .").

Here, the New Mexico Court of Appeals relied on New Mexico case law, which holds that an indictment can be amended to add alternative theories of a crime without being re-presented to the grand jury because adding alternative theories is not the same as adding a new offense. *Doc. 9-2* at 24-26. The Court of Appeals, therefore, found that the trial court did not err by allowing the amended indictment. *Doc. 9-2* at 3, 27. It reasoned that attempted felony murder and attempted willful and deliberate murder, as well as armed after entry and armed upon entry aggravated burglary, were not separate offenses, but alternative ways to commit the same underlying offenses. *Doc. 9-2* at 3, 26.

Because the indicted action in *Stirone* was importation of sand, a completely different action – that being exportation of steel – could not be presented to the jury without a grand jury indictment. Here, in contrast, the underlying action is the same, Petitioner's brutal attack on his ex-girlfriend in her home, whether presented as attempted felony murder or attempted willful and deliberate murder, or as armed after entry or armed upon entry aggravated burglary. The amended indictment just sought to add alternative theories for the method in which those offenses were carried out.

Further, the Court of Appeals held that the notice issue present in *Stirone* was not present in this case. *Doc. 9-2* at 27. In *Stirone*, the defendant first received notice of

9

the steel offense during the government's presentation of evidence at trial. *Stirone*, 361 U.S. at 214. In this case, Petitioner knew before the trial started that the State would seek a conviction on alternative theories. *Doc. 9-2* at 26; *see also Doc. 9-1* at 28-29. Petitioner cites *Farr*, 536 F.3d at 1180, for the proposition that a constructive amendment, or presenting evidence at trial of an offense not in the indictment, is unconstitutional. D*oc. 1* at 9. But here, the State did not constructively amend the indictment. It actually amended the indictment by filing a motion to amend and giving Petitioner notice of the alternative theories it intended to present at trial. *Doc. 9-1* at 28-29.

Because of the distinctions between *Stirone* and the present case, the Court of Appeals' decision is not contrary to or an objectively unreasonable application of clearly established federal law. Additionally, Petitioner does not challenge the state court's findings of fact. *See* 28 U.S.C. § 2254(d)(2). As such, the Court recommends that Petitioner's request for habeas relief be denied on Grounds One and Four.

### B. Ground Two: Firearm Enhancement

The grand jury indictment included a firearm enhancement on Counts 3 and 4, but not on Count 1. *Doc. 9-1* at 13-14. Six days before trial, the State filed a Notice of Intent to Seek Firearm Enhancement on Count 1. *Doc. 9-1* at 26-27. After the jury was selected, but before trial started, the trial court heard arguments regarding the notice and ultimately allowed the enhancement. *Doc. 9-1* at 65, 49-50. The jury found Petitioner guilty on Count 1, including the firearm enhancement. *Doc. 9-1* at 1, 7.

Petitioner again argues that allowing this enhancement violated his Fifth Amendment right to a grand jury indictment, his Sixth Amendment right to a fair trial,

and his Fourteenth Amendment right to due process. *Doc. 1* at 13. He asserts that the enhancement was presented to him right before trial, he was not prepared to defend against it, and the grand jury never considered it. *Doc. 1* at 13. The New Mexico Court of Appeals considered the merits of this argument and rejected it, affirming Petitioner's conviction. *Doc. 9-2* at 3-6, 27-28.

The Supreme Court, in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), held that "under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury and proven beyond a reasonable doubt." *Id.* at 476 (citing *Jones v. United States*, 526 U.S. 227, 243 n.6 (1999)). However, in that same case, the Supreme Court expressly declined to address whether enhancements must be included in an indictment. *Id.* at 477 n.3 ("[Petitioner] has not here asserted a constitutional claim based on the omission of any reference to sentence enhancement . . . in the indictment . . . . We thus do not address the indictment question separately today.").

Here, the State submitted Count 1's firearm enhancement to the jury and proved it beyond a reasonable doubt. The only issue thus presented is whether the enhancement also needed to be submitted to the grand jury and charged in the indictment. In addressing this question, the New Mexico Court of Appeals relied on *State v. Badoni*, 133 N.M. 257, 62 P.3d 348 (2003). In *Badoni*, the New Mexico Court of Appeals interpreted *Apprendi* narrowly, explaining that *Apprendi* holds that enhancements, other than prior convictions, must be submitted to the jury and proved beyond a reasonable doubt. *Id.* ¶ 12-13. However, the court concluded that *Apprendi*

does not mandate that a defendant be given formal notice of a firearm enhancement in an indictment. *Id.* ¶ 13. Instead, sufficient notice of an aggravating circumstance and an opportunity to prepare a response will have been provided to a defendant "if the aggravation 'under the statute is premised upon a circumstance which itself was an element of the offense *or a fact upon which such an element was established.*'" *Id.* at ¶ 19, quoting *Caristo v. Sullivan,* 112 N.M. 623, 631, 818 P.2d 401, 409 (1991) (emphasis added in *Baldoni*).

The alleged use of a gun in the commission of the charged offenses was hardly a surprise to Petitioner; his assertion that the State "sprang this firearm enhancement request upon the defense at the last minute" (*Doc. 1* at 13) finds no support in the record. Indeed, the statement of facts used to support of issuance of the criminal complaint over a year prior to trial repeatedly referred to Petitioner's use of a firearm in his attack of his ex-girlfriend and assault on her children. *Doc. 9-1* at 19-22. Accordingly, in this case, the Court of Appeals found presentment to the grand jury of the firearm enhancement to be unnecessary. *Doc. 9-2* at 4. Because *Apprendi* and its progeny do not expressly address indictment requirements, this holding is not contrary to or an objectively unreasonable application of clearly established federal law.[6]

Further, the Court of Appeals held that the enchantment need not be presented to the grand jury because, under New Mexico case law, a firearm enhancement is a consequence of conviction, not an element of an offense. *Doc. 9-2* at 5. Similar to the

---

[6] Indeed, "the clear weight of authority . . . finds that the Fourteenth Amendment's due process clause does not require that aggravating factors for sentencing enhancement be included in a state indictment." *Brown v. Taylor*, No. CV 16-00649 JMS-RLP, 2017 WL 3705800, at *9 (D. Haw. Aug. 28, 2017) (and cases cited therein).

discussion above, the firearm enhancement did not change the underlying, indicted action. Accordingly, unlike *Stirone* in which the indicted offense differed from that presented to the jury, the enhancement here was not a new offense requiring presentation to a grand jury.

Lastly, as noted above, Petitioner argues that his right to due process was violated because the State "sprang" the firearm enhancement upon him. *Doc. 1* at 13. "[T]he Due Process Clause guarantees the fundamental elements of fairness in a criminal trial." *Spencer v. Texas*, 385 U.S. 554, 563-64 (1967). However, the Supreme Court has defined fundamental fairness very narrowly. *Dowling v. United States*, 493 U.S. 342, 352 (1990). Petitioner has not shown that adding the enhancement after the original indictment was fundamentally unfair. In fact, the Court of Appeals found that Petitioner had notice of the potential for a firearm enhancement. *Doc. 9-2* at 5. Three counts in the indictment mentioned Petitioner's use of a firearm (*Doc. 9-1* at 13-14), the original complaint described Petitioner's use of a firearm (*Doc. 9-1* at 19-22), and the State provided notice of intent to seek the firearm enhancement before trial (*Doc. 9-1* at 26-27). *See Doc. 9-2* at 5.

For these reasons, the Court recommends that Petitioner's request for habeas relief be denied on Ground Two.

**C. Ground Three: Child Abuse**

Petitioner was indicted for and found guilty of negligent child abuse, a third degree felony. *Doc. 9-1* at 14, 45. After trial, the State filed a Supplemental Criminal Information listing his prior convictions, including a conviction for child abuse. *Doc. 9-1* at 53-54. When arraigned on the supplemental information, Petitioner admitted the prior

13

convictions contained in it. *Doc. 9-1* at 58. Therefore, at sentencing, the court enhanced Count 4 (Child Abuse) from a third degree to a second degree felony, based on Petitioner's prior child abuse conviction and N.M. Stat. Ann. § 30-6-1(E).[7] Petitioner contends that in doing so, the trial court violated his Fifth Amendment right to a grand jury indictment, his Sixth Amendment right to a fair trial, and his Fourteenth Amendment right to due process. *Doc. 1* at 15-16. The New Mexico Court of Appeals addressed this argument on the merits and affirmed Petitioner's conviction. *Doc. 9-2* at 28-30.

While *Apprendi* holds that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt," it expressly makes an exception for the fact of a prior conviction. *Apprendi,* 530 U.S. at 490. Instead, "a prior felony conviction is a sentencing factor and thus does not need to be pled in the indictment or be decided by a jury." *United States v. Apperson*, 441 F.3d 1162, 1213 (10th Cir. 2006) (citing *Almendarez-Torres v. United States*, 523 U.S. 224 (1998)).

The New Mexico Court of Appeals relied on *Apprendi* when it held that the State does not have to prove a prior conviction to a jury beyond a reasonable doubt. *Doc. 9-2* at 29-30. This is squarely in line with federal law. As such, the Court recommends Petitioner's request for habeas relief be denied on Ground Three.

---

[7] N.M. Stat. Ann. § 30-6-1(E) requires that "[a] person who commits abuse of a child that does not result in the child's death or great bodily harm . . . for second and subsequent offenses is guilty of a second degree felony."

## IV. Recommendations

For the reasons set forth above, the Court recommends the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus be **denied.**

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE